William B. Sullivan (SBN 275059)
**HARRIS, WILTSHIRE & GRANNIS LLP**
1919 M Street, NW
Floor 8
Washington, DC 20036
Telephone: 202-730-1355
Facsimile: 202-730-1301
wsullivan@hwglaw.com

*Attorney for Plaintiff*
*Rheem Manufacturing Company*

Ryan W. Koppelman (SBN 290704)
Katherine G. Rubschlager (SBN 328100)
**ALSTON & BIRD LLP**
333 South Hope Street,
16th Floor,
Los Angeles, CA
Telephone:213-576-1000
Facsimile: 213-576-1100
ryan.koppelman@alston.com
katherine.rubschlager@alston.com

*Attorneys for Defendant*
*Navien, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RHEEM MANUFACTURING COMPANY<br><br>        Plaintiff,<br><br>        v.<br><br>NAVIEN, INC.<br><br>        Defendant. | Case No. 8:21-cv-00324-JLS-JDE<br><br>**JOINT RULE 26(F) REPORT** |

**JOINT RULE 26(F) REPORT**

On April 2, 2021, counsel of record for the parties met jointly by telephone and discussed the matters listed in Federal Rule of Civil Procedure 26(f), Local Rule 26-1, and this Court's Order of February 24, 2021.  The following is the parties' joint report.

**I.    STATEMENT OF THE CASE.**

This case concerns statements made by Navien, Inc. regarding its NPE-240S, a tankless water heater.  Plaintiff alleges that these statements are false.  The parties are competing sellers of water heaters—Plaintiff Rheem Manufacturing Company ("Rheem") and Defendant Navien Inc. ("Navien").  Under federal law, water-heater manufacturers must determine the energy efficiency of their water heaters using a federal standard known as the Uniform Energy Factor ("UEF").  Navien advertises that its NPE-240S water heater achieves a UEF of 0.97.  The Complaint alleges that Navien's statements are false. Navien disputes Plaintiff's allegations.

Rheem filed its complaint in the Eastern District of Virginia, seeking injunctive relief and damages under the Lanham Act, 15 U.S.C. § 1125, and Virginia state law, Va. Code Ann. § 18.2-216.  Rheem subsequently filed an Amended Complaint adding a claim under the Energy Policy and Conservation Act ("EPCA"), 42 U.S.C. § 6305(a).  Navien filed a motion to transfer, seeking to transfer the case to this District, which was granted.  Navien also filed a 12(b)(6) motion to dismiss, which is pending and which has not yet been calendared for a hearing. In addition, Navien intends to file a Rule 12(c) motion for judgment on the pleadings seeking to dismiss Plaintiff's false advertising claims based on laches and the applicable Virginia statute of limitations.  Rheem intends to oppose this motion on substantive grounds and also intends to argue that the filing of the motion is procedurally improper.

**II.    KEY LEGAL ISSUES.**

Rheem has filed two false advertising claims under the Lanham Act and Virginia state law, and a claim under the EPCA. Therefore, the key issues the parties expect to be before the court are: (1) whether or not Navien's statements were, in fact, false; (2) whether or not Navien has violated the EPCA; and (3) whether affirmative defenses apply to bar Rheem's claims, *i.e.*, laches, statute of limitations. Navien has filed a motion to dismiss under Rule 12(b)(6), which has been fully briefed

- 1 -

and is not scheduled for a hearing. Some of the arguments raised in that motion, specifically the challenges to personal jurisdiction and venue in the Eastern District of Virginia, are now moot because of the transfer. In addition, Navien intends to file a Rule 12(c) motion challenging Rheem's false advertising claims on laches and statute of limitations grounds.

### III.   DAMAGES.

**Plaintiff's Statement:** Rheem seeks damages for lost sales (or in the alternative disgorgement), damages for reputational harm, and attorney's fees.  The magnitude of damages will depend (among other things) on the number of sales made by Navien that would, absent the false statements, have gone to Rheem.  The parties have not yet exchanged discovery regarding the magnitude of sales, and in any event, the damages analysis will require expert analysis. Accordingly, it is not possible at this time to determine the range of provable damages.

**Defendant's Statement:** Navien denies that Rheem is entitled to damages, profits, or injunctive relief, and reserves the right to seek attorney's fees, costs, and other relief deemed appropriate by the Court.  Navien also disagrees that damages cannot yet be calculated or estimated. Rheem's remedy for its state law claim is limited to its actual damages, something that is peculiarly within Rheem's knowledge and Rheem's complaint states that its damages exceed the amount for diversity jurisdiction, so it must know something about its actual damages. Rheem should be required to comply with the rules and provide its current damages analysis.

### IV.   INSURANCE.

Navien is currently insured by Liberty Mutual Insurance, and expects that this policy will be at issue in this case.

### V.   MOTIONS.

**Plaintiff's Statement:** If the Court grants any portion of Navien's motions to dismiss, Rheem reserves the right to file a Second Amended Complaint.  The parties previously stipulated that if Navien moved to dismiss Rheem's Amended Complaint, then Navien would consent to Rheem filing a Second Amended Complaint in order to address any alleged deficiencies raised in the motion to dismiss. Dkt. 10 at 2 n.1.  Rheem does not otherwise expect to amend the complaint.

Rheem understands that Navien intends to file a motion under Rule 12(c).  Rheem believes

- 2 -

1  the motion is meritless and also believes it is an improper successive Rule 12 motion raising issues

2  that should have been addressed in Navien's first Rule 12 motion.

3      **Defendant's Statement:** While the case was pending in Virginia, Navien filed a motion to

4  dismiss under Rule 12(b)(6), which if granted, would be fully dispositive of all claims in the case.

5  This motion has been fully briefed and is pending but is awaiting a hearing.  Defendant respectfully

6  requests that the court schedule a hearing so that this motion can be heard.  The motion raised

7  personal jurisdiction and venue issues in the Eastern District of Virginia, which are now moot based

8  on the transfer.

9      In addition, Navien intends to file a Rule 12(c) motion challenging Rheem's Lanham Act

10  claim on laches grounds and challenging Rheem's state law claim under the statute of limitations,

11  and intends to ask the Court that the claims be dismissed with prejudice.  The parties' prior

12  stipulation concerning amendment of the complaint does not apply to the Rule 12(c) motion.  While

13  Navien agreed Rheem could address the 12(b)(6) deficiencies through amendment, Navien contends

14  the laches and statute of limitations grounds that will be presented in the Rule 12(c) motion cannot

15  be fixed by amendment. Finally, the Ninth Circuit precedent allows for separate Rule 12(b) and Rule

16  12(c) motions, such that Rheem's procedural complaints are unfounded.

17  **VI.**   **<u>COMPLEXITY.</u>**

18      The parties do not believe this case would benefit from the use of procedures in the Manual

19  for Complex Litigation.

20  **VII.**   **<u>STATUS OF DISCOVERY.</u>**

21      The parties held the Rule 26(f) conference on April 2, 2021.  The parties have not yet

22  exchanged initial disclosures or served any discovery.

23  **VIII.**   **<u>DISCOVERY PLAN (FRCP 26).</u>**

24      **A.**   **Changes to Timing, Form, or Requirements for Disclosure.**

25      **Plaintiff's position:** The plaintiff seeks to delay the damages disclosure required by Rule

26  26(a)(1)(A)(iii) because a damages analysis will require discovery from both parties and will require

27  expert analysis.  The plaintiff proposes to serve its damages calculation with the other expert reports

28  as further detailed below.  The plaintiff does not seek any other modifications to the initial

- 3 -

disclosures.  The Plaintiff does not oppose Defendant's proposed deadline for initial disclosures of April 30, 2021.

**Defendant's position:** Defendant seeks to exchange initial disclosures on or before April 30, 2021. As previously mentioned in the Joint Stipulation to Continue the Scheduling Conference, Defendant's lead counsel has a trial starting the week of April 19. Plaintiff does not oppose this request.

In addition, Navien disagrees that damages cannot yet be calculated or estimated.  Rheem's remedy for its state law claim is limited to its actual damages, something that is peculiarly within Rheem's knowledge and Rheem's complaint states that its damages exceed the amount for diversity jurisdiction.  Rheem should be required to comply with the rules and provide its current damages analysis.

**B.      Subjects, Timing, and Phasing of Discovery.**

The parties expect to engage in discovery regarding the testing and performance of the NPE-240S, the proper testing procedures, the effect and materiality of the statements about energy efficiency, and damages.  The parties proposal for the timing and cutoff of discovery is attached as Exhibit A.

**C.      Issues re Disclosure, Discovery, and Preservation.**

The parties are not currently aware of any issues regarding the disclosure, discovery, or preservation of ESI.  The parties expect to seek an ESI order, and will attempt, where possible, to agree on the terms of an order.

**D.      Issues regarding Privilege.**

The parties are not aware any issues regarding privilege.  The parties have agreed to the following procedure regarding assertion of those claims after production. The parties agree not to require a log for correspondence after filing of the complaint and for correspondence with litigation counsel.

**E.      Changes and/or Limitations on Discovery.**

**1.      Protective Order.**

The parties expect that discovery will require the exchange of certain confidential and/or

- 4 -

competitively sensitive business information, some of which should be viewed only by counsel and outside experts.  The parties expect to seek a protective order to that effect and will attempt, where possible, to agree on terms of an order.

### 2. Requests for Admission.

The parties agree to limit Requests for Admission to 200 requests per side.  This limit does not apply to Requests for Admission for the sole purpose of authenticating a document or other piece of evidence for admission.  This agreement does not prevent either party from arguing that a lesser number is unduly burdensome.

### 3. Opposing and Reply Papers Pursuant to Civ. L.R. 7-9 and 7-10.

Considering the Court's current calendar and availability for civil motion hearing dates, the parties are discussing whether to stipulate to a modified briefing schedule for forthcoming motions that differs from Civ. L.R. 7-9 and 7-10.  To the extent the parties cannot agree to a modified schedule, Navien intends to ask the Court to modify the schedule imposed by the local rules at least for its forthcoming Rule 12(c) motion.

### F. Other Changes.

The parties are not aware of any other changes that should be made under Rule 26(c) or Rule 16(b) or (c).

### IX. EXPERT DISCOVERY.

The parties' proposal is listed in Exhibit A. In the  proposal, fact and expert discovery have been modified from the Court's Default schedule to accommodate scheduling the deadline for dispositive motions on the same day as *Daubert* motions, as discussed below.

### X. DISPOSITIVE MOTIONS.

The parties reserve the right to file a motion for summary judgment based on the evidence obtained in discovery but are not currently aware of which issues are likely to be decided by summary judgment. The parties propose a dispositive motion cutoff *after* the close of expert discovery that falls on the same day as the *Daubert* motion deadline. *See* Exhibit A. Fact and expert discovery deadlines have also been adjusted accordingly.

- 5 -

**XI.    ALTERNATIVE DISPUTE RESOLUTION.**

The parties prefer ADR Procedure No. 3 – private mediation.

**XII.   SETTLEMENT EFFORTS.**

Counsel for the parties have engaged in written correspondence regarding potential ways of resolving the case, and counsel are continuing to explore these possibilities.

**XIII.  PRELIMINARY TRIAL ESTIMATE.**

Plaintiff's estimate: 7 days based on the claims currently asserted

Defendant's estimate: 10 to 15 days, depending on whether counterclaims are asserted in this action.

**XIV.   TRIAL COUNSEL.**

If this case goes to trial, it will be tried by William Sullivan for the Plaintiff.  Mr. Sullivan may seek the assistance of other attorneys at his firm, including Mark Davis, who would move for admission *pro hac vice.*  The exact trial team has not been determined.

If this case goes to trial, it will be tried by Ryan Koppelman for Defendant. Mr. Koppelman may seek the assistance of other attorneys at Alston & Bird LLP, who would appear or move for admission *pro hac vice*. The exact trial team has not been determined.

**XV.    INDEPENDENT EXPERT OR MASTER.**

The parties do not believe that this is a case in which an independent master or expert should be appointed by the Court.

**XVI.   OTHER ISSUES.**

The parties are not aware of any other issues to raise at this time.

1
2    Dated:  April 9, 2021

HARRIS, WILTSHIRE & GRANNIS LLP

BY: /s/ William B. Sullivan _____

3
4
5
6
7

William B. Sullivan (SBN 275059)
**HARRIS, WILTSHIRE & GRANNIS LLP**
1919 M Street, NW
Floor 8
Washington, DC 20036
Telephone: 202-730-1355
Facsimile: 202-730-1301
wsullivan@hwglaw.com

8
9
10

ALSTON & BIRD LLP

11

BY:  /s/ Ryan W. Koppelman _____

12
13
14
15
16

Ryan W. Koppelman (SBN 290704)
**ALSTON & BIRD LLP**
333 South Hope Street,
16th Floor,
Los Angeles, CA
Telephone: 213-576-1000
Facsimile: 213-576-1100
ryan.koppelman@alston.com

17

*Attorneys for Defendant*
*Navien, Inc.*

18
19

**DECLARATION OF CONSENT TO ELECTRONIC SIGNATURES:**

Pursuant to LR 5-4.3.4(a)(2), the electronic filer of this Rule 26(f) Report, William Sullivan,

20
21
22

hereby attests that all other signatories listed, and on whose behalf the filing is submitted, concur in

the filing's content and have authorized this filing.

23
24
25
26
27
28

- 7 -

EXHIBIT A
PROPOSED SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME: *Rheem Manufacturing Company v. Navien Inc.*
CASE NO: 8:21-cv-00324-JLS-JDE

| Matter | Model Deadline | Parties' Joint Request |
|---|---|---|
| Last Day to File Motions to Add Parties and Amend Pleadings | Scheduling Conference Date plus 60 Days | June 22, 2021 (Default) |
| Fact Discovery Cut-Off | 18 weeks before the Final Pretial Conference ("FPTC") | January 14, 2022 (30 weeks before FPTC) |
| Last Day to Serve Initial Expert Reports | 16 weeks before the FPTC | January 28, 2022 (28 weeks before FPTC) |
| Last Day to Serve Rebuttal Expert Reports | 12 weeks before the FPTC | February 25, 2022 (24 weeks before FPTC) |
| Expert Discovery Cut-Off | 8 weeks before the FPTC | March 25, 2022 (20 weeks before FPTC) |
| Last Day to File Motions (except ~~*Daubert*~~ and Motions *in Limine*) | 16 weeks before the FPTC | April 22, 2022 (16 weeks before FPTC) |
| Last Day to File *Daubert* Motions | 7 weeks before the FPTC | April 22, 2022 (16 weeks before FPTC) |
| Last Day to Conduct Settlement Proceedings | 9 weeks before the FPTC | June 10, 2022 (9 weeks before FPTC) |
| Last Day to File Motions in Limine (other than *Daubert* Motions) | 4 weeks before the FPTC | July 15, 2022 (4 weeks before FPTC) |
| Final Pre-Trial Conference **(Friday at 10:30 a.m.)** | | August 12, 2022 |

- 8 -